LAW OFFICE OF

# RICHARD E. SIGNORELLI

## ATTORNEY AT LAW

52 Duane Street, 7th Floor, New York, New York  10007

Telephone:  (212) 254-4218   Cellular: (917) 750-8842   Facsimile: (212) 254-1396

rsignorelli@nycLITIGATOR.com℠

richardsignorelli@gmail.com

www.nycLITIGATOR.com℠

March 30, 2020

Via ECF & Email   Failla_NYSDChambers@nysd.uscourts.gov

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: United States v. Garnet Steven Murray-Sesay
     20 CR 003 (KPF)

Dear Judge Failla:

   I am the attorney for Garnet Steven Murray-Sesay, the defendant in the above-referenced case who is presently scheduled to be sentenced on May 6, 2020 and is currently detained at the MDC, Brooklyn.  For the reasons set forth below, and with the consent of the Government, Mr. Murray-Sesay, and the Probation Office, I write to respectfully request the advancement of Mr. Murray-Sesay's sentencing to the earliest date possible, ideally during the week of April 6, 2020, and that such sentencing proceeding take place remotely by telephone conference since video conferencing does not appear to be readily available at this time at the MDC.

Relevant Chronology:

December 10, 2019:   Arrest and Detention of Mr. Murray-Sesay.

December 10, 2019:   Issuance of Immigration Detainer ("Detainer") by Department of
          Homeland Security ("DHS").

| January 2, 2020: | Indictment filed. |
|---|---|

January 15, 2020:   Mr. Murray-Sesay pleads guilty to Count One of the Indictment, pursuant to a plea agreement, charging him with conspiring to commit bank/wire fraud. The plea agreement provides for an advisory range of 21-27 months with no applicable mandatory minimum sentence.[1]

March 10, 2020:   The U.S. Probation Office provided its first disclosure of the Presentence Report ("PSR") to the parties, agreeing with the advisory Guideline calculations of the parties.

March 13, 2020:   The President declares that the COVID-19 ("C19") outbreak constitutes a national emergency.

March 27, 2020:   Legislation passed by Congress, was signed into law by the President, providing for the conduct of certain judicial proceedings, including sentencings, to proceed via video conferencing, or by telephonic means, if video conferencing is not readily available, upon the defendant's consent.

March 27, 2020:   The Federal Defenders informs me that the Bureau of Prisons ("BOP") had classified Mr. Murray-Sesay as being at high risk for C19 complications based on Center for Disease Control ("CDC") guidelines.

March 27, 2020:   Government informs me that they would oppose any bail application due to the Detainer but would consent to the advancement of Mr. Murray-Sesay's sentencing as requested herein. The Probation Office informed me that the final disclosure of the PSR can be filed as soon as April 1, 2020 in order to advance Mr. Murray-Sesay's sentencing.

March 28, 2020:   Mr. Murray-Sesay confirmed to me in an email his consent to proceed remotely writing as follows:  "I do agree to waive my right to be physically present at my sentencing (in person) and to instead proceed with sentencing by remote means, either by telephone or by video conference."

As noted above, recent legislation allows for the conduct of sentencing proceedings via remote means including telephone conferencing if video conferencing is not reasonably available. It is also worth noting that Rule 43(c)(1)(B) of the Federal Rules of Criminal Procedure expressly allows for a defendant to waive physical presence including at a sentencing proceeding. *See also United States v. Salim*, 690 F.3d 115 (2d Cir. 2012) ("In a non-

---

[1]At Mr. Murray-Sesay's guilty plea proceeding I respectfully requested the scheduling of his sentencing at the earliest time possible because I intended on making a request for the imposition of a time-served sentence based on the factors set forth in Section 3553(a).

capital case, a defendant may waive his right to be present [at sentencing] as long as that waiver is knowing and voluntary.").

As I will set forth in the defense sentencing submission, I continue to believe, respectfully, that Mr. Murray-Sesay has a viable argument for the imposition of a time-served sentence for Your Honor's consideration including the following factors: (1) relatively low Guideline range (eighteen month, good-time adjusted sentence at the low-end); (2) the circumstances of the offense conduct in which he played a very discrete role (including no control over the amount of the one check deposited in the account in question by others), and earned zero ill-gotten proceeds; (3) his very timely acceptance of responsibility (first and only defendant to thus far plead guilty); (4) family circumstances; (5) his extremely difficult pre-sentence detention that will soon approach four months (approximate good-time adjusted detention, five months); and (6) his subsequent and expected transfer to immigration custody pursuant to the Detainer for an additional and uncertain time period.

The defense argument for a time-served sentence has now been strengthened by the C19 crisis that is likely to harm and kill a number of federal inmates, including those held at the MDC which has no outdoor area, inadequate ventilation, substandard medical care, and crowded conditions.[2]  Due to certain health conditions, Mr. Murray-Sesay is particularly vulnerable to suffering complications from C19 including death as set forth by CDC guidelines and acknowledged and classified  by the BOP. Though a resolution of this case will then result in the transfer of Mr. Murray-Sesay to DHS custody, it would remove one important impediment to Mr. Murray-Sesay's eventual release from a custodial situation, whether in this country or his country of origin.

Though Mr. Murray-Sesay's current sentencing date of May 6, 2020 is only about five weeks away, I see no evidence that the C19 crisis will sufficiently abate by that time to safely allow for an in-person sentencing. Indeed, it may worsen by that time. I also see no purpose in making a bail application, over the Government's objection, given the presence of the Detainer. Consequently, I believe that Mr. Murray-Sesay's sentencing should be advanced as requested herein and allowed to proceed by remote means which in this case would be via telephone conference.  This technology can be readily set up for all relevant participants by means of a toll-free conference call company that I have frequently used in the past. If Your Honor grants this application, I would be happy to provide the call-in number and pass code via email to the Court, Government, Probation, MDC, and my client's spouse. All participants would call in at the time and date selected by the Court for the remote sentencing. At the sentencing, my client will be able to allocute that his waiver of his right to be physically present is knowing and voluntary to Your Honor's satisfaction.

---

[2] Last week, the BOP has reported the first death of an inmate from C19. Many other inmates and staff members throughout the federal system have tested positive for C19 including several thus far at the MDC.

Accordingly, with the consent of Mr. Murray-Sesay, the Government, and the U.S. Probation Office, I respectfully request that Mr. Murray-Sesay's sentencing be advanced to the earliest date possible and to proceed remotely via telephone conference. I also respectfully request the assistance of the Government and the legal department at the MDC in allowing my client to participate in the telephone conference while confined at the MDC. Thank you for your consideration of this application.

Respectfully,

/s/ Richard E. Signorelli

Richard E. Signorelli

cc (via email):

AUSA Alexander N. Li/AUSA Thomas S. Burnett
USPO Johnny Y. Kim
MDC Legal Counsel, Holly Pratesi

cc (via 1st Class Mail);

Garnet Steven Murray-Sesay , Inmate Reg. # 93980-083
(registered under the misspelled name: "Gafrnet" S. Murray-Sesay)

SO ORDERED:

_____
U.S.D.C.

4